# United States Court of Appeals
## For the First Circuit

No. 12-2208

WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO,

Plaintiff, Appellant,

v.

ADM ASSOCIATES, LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Lynch and Selya, Circuit Judges,
and Hillman,* District Judge.

Michael J. Daly, with whom Catherine R. Connors, Brooks R. Magratten, and Pierce Atwood LLP were on brief, for appellant.
Thomas J. Gallitano, Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Jason P. Gosselin, and Drinker Biddle & Reath LLP on brief for American Council of Life Insurers, amicus curiae.
Robert F. Weber, with whom Randy Olen was on brief, for appellee.

July 16, 2015

---

* Of the District of Massachusetts, sitting by designation.

**SELYA**, **Circuit Judge**.  This is an appeal from a judgment entered by the United States District Court for the District of Rhode Island.  See W. Reserve Life Assur. Co. of Ohio v. Conreal LLC, 715 F. Supp. 2d 270, 290 (D.R.I. 2010), on reconsideration in part sub nom. W. Reserve Life Assur. Co. of Ohio v. Caramadre, 847 F. Supp. 2d 329 (D.R.I 2012).  The underlying case was brought in diversity jurisdiction, see 28 U.S.C. § 1332(a), and the substantive rules of decision emanate from Rhode Island law, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

We heard oral argument on November 6, 2013.  Because the controlling issues were issues of Rhode Island law as to which substantial doubt existed, we certified two questions to the Rhode Island Supreme Court pursuant to Rule 6 of that court's Rules of Appellate Procedure.  See W. Reserve Life Assur. Co. of Ohio v. ADM Assocs., LLC, 737 F.3d 135, 143 (1st Cir. 2013).  On June 17, 2015, the Rhode Island Supreme Court furnished us with answers to the certified questions.  See W. Reserve Life Assur. Co. of Ohio v. ADM Assocs., LLC, No. 2014-35-M.P., 2015 WL 3771841 (R.I. June 15, 2015).

Upon review of those answers, we issued a show-cause order, directing the appellant to show cause as to why the judgment of the district court should not be affirmed.  The time set for a showing of cause having expired and no cause having been shown, we now affirm the judgment below substantially on the basis of the

- 2 -

answers to the certified questions furnished by the Rhode Island Supreme Court.

**Affirmed.**